UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-60583-DPG

PATRICIA KENNEDY, Individually,

    Plaintiff,

v.

SWAGATH HOSPITALITY, LLC dba JASMINE
GARDEN INN, a Florida Limited Liability Company,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
## FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, Swagath Hospitality, LLC d/b/a Jasmine Garden Inn ("Defendant"), through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b), moves to dismiss the Complaint for lack of standing, and in support states as follows:

### Factual Background

Plaintiff, Patricia Kennedy ("Plaintiff") originally filed this lawsuit against Defendant on January 17, 2019 before the Honorable Judge Ursula Ungaro, Case No. 0:19-cv-60151-UU, alleging violations of Title III of the Americans with Disabilities Act ("ADA") at the subject online hotel reservation system (the "Website"). After requesting to take Plaintiff's deposition, Plaintiff filed a notice of voluntary dismissal without prejudice on February 25, 2019 and refiled the instant lawsuit on or about March 6, 2019. Plaintiff has alleged that she is a resident of Broward County, Florida and that she is a "tester" for the purpose of monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA. [D.E. 1, ¶¶ 1, 2]. Plaintiff alleges in her Complaint that she visited the Website for the purpose of "reviewing and assessing the accessible features at the Property and ascertain [sic] whether they meet the

requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs." *Id.* at ¶ 10. Accordingly, Plaintiff's Complaint should be dismissed because Plaintiff fails to allege an injury-in-fact.

### Memorandum of Law

**A. Legal Standard for Motion to Dismiss**

Rule 12(b)(1), Fed. R. Civ. P. attacks on subject matter jurisdiction may be facial or factual. Factual attacks place the burden on the plaintiff to show that jurisdiction exists. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002). Article III, Section 2 of the United States Constitution limits federal courts' jurisdiction to actual cases and controversies. Standing is a part of this limitation, as a "threshold jurisdictional question" that must be resolved before a court can turn to a claim's merits. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). Courts determine standing at the time of filing. *Id.* at 976 (citing *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003)).

**B. Plaintiff fails to establish she has standing to bring this lawsuit.**

To establish standing in this case, Plaintiff must prove that (1) she suffered or will imminently suffer an injury-in-fact, (2) a causal connection exists between her injury and Defendant's conduct, (3) that her injury is likely to be redressed by a favorable decision, and (4) that she is reasonably expected to suffer injury in the future. *Kennedy v. Melbourne Beach, LLC*, No. 616CV1849ORL40DCI, 2017 WL 821815, at *2 (M.D. Fla. Mar. 2, 2017). Plaintiff's Complaint [D.E. 1] does not adequately allege she has standing to bring this lawsuit against Defendant because she fails to establish an injury-in-fact and real and immediate intent to return to the Website and make use of its services.

Plaintiff alleges that prior to the commencement of this lawsuit, she visited the Website for the purpose of reviewing and assessing the accessible features at the Property and to ascertain

whether they meet the requirements of 28 C.F.R. § 36.02(e) and her accessibility needs. [D.E. 1, ¶10]. Plaintiff does not allege that she intended on using the Website to reserve a room at the hotel prior to filing this lawsuit. Instead, Plaintiff's intentions were to access the Website as a "tester" to see if it was in compliance. As a result, Plaintiff cannot claim to be injured by the Website's alleged noncompliance when she had no intentions on reserving a room in the first place. It is well settled that an ADA plaintiff that claims to be a "tester" must still independently assert its standing to bring each case based on the facts. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1340 (11th Cir. 2013) ("Each plaintiff must establish standing on the facts of the case before the court. That is equally as true about a regular customer of a public accommodation as it is for a tester…"). Accordingly, Plaintiff has failed to allege an injury-in-fact, and thus, the Complaint should be dismissed.

## Conclusion

Because Plaintiff has failed to allege standing to bring this lawsuit, the Complaint should be dismissed.

WHEREFORE, Defendant, Swagath Hospitality, LLC d/b/a Jasmine Garden Inn, respectfully requests the Court enter an order granting this motion, dismissing the Complaint, and granting Defendant such further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/Ashley Williams
Kenneth L. Minerley
Fla. Bar No. 521840
Primary Email:
Ken@minerleyfein.com
Ashley Williams
Fla. Bar No. 0119632
Ashley@minerleyfein.com

**MINERLEY FEIN, P.A.**
Attorneys for Defendant
1200 N. Federal Highway, Suite 420
Boca Raton, FL 33432
Phone: 561/362-6699
Fax:    561/447-9884
fileclerk@minerleyfein.com
litigation@minerleyfein.com